UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
RISING TIDE NATURAL MARKET, INC.,

                              Plaintiffs,                      **ORDER**
                                                                24-CV-3249 (MKB)

                  v.

APPLIED SYSTEMS MARKETING, LLC,
DAVID C. NEVINS, and DAVID C. NEVINS,
P.C.,

                            Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On June 5, 2023, Plaintiff Rising Tide Natural Market, Inc. ("Rising Tide") commenced this action in Supreme Court of the State of New York, County of Nassau, alleging breach of contract claims against Applied Systems Marketing, LLC ("Applied Systems"), David Nevins, and David C. Nevins, P.C. (the "Escrowee"), and a breach of fiduciary duty claim against David Nevins and the Escrowee. (Compl., annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2.) On February 1, 2024, Applied Systems filed a bankruptcy proceeding under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. (Notice of Removal 2, Docket Entry No. 1.)

       On May 1, 2024, Applied Systems removed this action from New York Supreme Court to this Court. (*Id.*) The parties now jointly seek referral of the case to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1334 and 157. (Not. of Removal 1–3; Joint Ltr. Requesting Referral, Docket Entry No. 4.) For the reasons discussed below, the Court refers this case to the United States Bankruptcy Court for the Eastern District of New York.

I. **Discussion**

Applied Systems removed this action from the New York Supreme Court pursuant to 28 U.S.C. § 1452(a), the bankruptcy removal statute, under which "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 grants the federal district courts original jurisdiction over all cases "under title 11 of the United States Code," *id.* § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," *id.* § 1334(b). Thus, under § 1334, district courts have subject matter jurisdiction over proceedings: (1) "under" title 11; (2) "arising under" title 11; (3) "arising in" a title 11 case; and (4) "related to" a title 11 case. *Id.* § 1334; *see also In re Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016) ("Bankruptcy courts may exercise jurisdiction, through referral from the district court, over three broad categories of proceedings: those 'arising under title 11' of the [Bankruptcy] Code, those 'arising in . . . a case under title 11,' and those 'related to a case under title 11.'" (quoting 28 U.S.C. § 157)); *In re Quigley Co., Inc.*, 676 F.3d 45, 53 (2d Cir. 2012) (noting jurisdiction provided by section 1334). Section 157(b)(2) provides a list of "core proceedings" that arise under Title 11.

Plaintiff alleges that in connection with a contract of sale entered into between Plaintiff and Applied Systems under which Plaintiff was to buy a parcel of real property owned by Applied Systems, Plaintiff provided a down payment in the amount of $192,500 to be held by Nevins and/or the Escrowee. (Compl. 3–4.) Plaintiff asserts that Nevins and/or the Escrowee either improperly released the down payment to Applied Systems or refused to return it to Plaintiff, despite Applied Systems' alleged breach of the contract. (*Id.* 6–10.) Applied Systems

2

asserts that Plaintiff in fact breached the contract, and therefore the down payment is property of the Applied Systems bankruptcy estate. (Notice of Removal 6–7.)

Under 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to bankruptcy judges within the district in which it sits. *See* Standing Order in the Matter of Referral of Matters to the Bankruptcy Judges, dated Dec. 5, 2012 (Amon, C.J.). The parties do not contest that this Court has jurisdiction over the case pursuant to section 1334, or that the Bankruptcy Court has jurisdiction pursuant to section 157. (*See* Joint Ltr. Requesting Referral.) The claim against Applied Systems is a "core proceeding" under section 157(b)(2) because the resolution of whether Applied Systems is liable for the return of the down payment could have "substantial implications on both the estate and the priority of the creditors," and "will determine whether the claims asserted against the estate should be allowed or disallowed." *In re DPH Holdings Corp.*, 448 F. App'x 134, 136 (2d Cir. 2011) (quoting *U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999) and citing 28 U.S.C §§ 157(b)(2)(A), (B), and (O)). The remaining claims against Nevins and the Escrowee are at minimum "related to" the bankruptcy proceeding because "the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and . . . impacts upon the handling and administration of the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).

Therefore, pursuant to 28 U.S.C. § 157(a), the Court refers this case to the United States Bankruptcy Court for the Eastern District of New York.

Dated: June 24, 2024
      Brooklyn, New York

SO ORDERED:

           s/ MKB
MARGO K. BRODIE
United States District Judge

4